UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES H. SMALLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:13 CV 2259 CDP |
| | ) |
| RHONDA J. PASH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

James Smalley was convicted by a Missouri jury of trafficking drugs in the second degree. He was sentenced as a prior and persistent offender to fifteen years imprisonment. Smalley challenges his conviction by bringing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Smalley's four grounds for relief all fail. His fourth amendment claim is not cognizable in a federal habeas proceeding. Two of his claims — improper chain of custody and improper comments by prosecutor during closing argument — are procedurally barred. Finally, his claim that his due process rights were violated when the trial court sustained the prosecutor's objections during the defense closing argument is without merit. Therefore, I will deny his petition for the writ of habeas corpus.

I. **Background**

On February 26, 2007, police officers patrolling in the City of St. Louis observed a man exit a vehicle alongside the curb. As the officers drove toward the car, the man took off running down the street, attracting the officers' attention. The officers then decided to speak with the occupants of the car, turned on their emergency lights and parked their patrol car alongside the car.

James Smalley sat in the driver's seat. The officers approached the vehicle on foot and commanded Smalley and a passenger to exit the vehicle. Smalley exited and informed the officers that he had outstanding warrants. The officers placed Smalley under arrest and performed a pat down search, finding nothing. The officers transported Smalley to the police station, where a custodial search was performed. During this search, officers found cocaine in the lining of Smalley's pants. The officers placed Smalley under arrest.

Smalley was charged with trafficking cocaine in the second degree. At trial, the prosecution's case consisted of testimony from the two arresting officers as well as testimony from the two chemists who tested the cocaine found in the lining of Smalley's pants. Smalley did not testify and no other defense witnesses were called. The jury found Smalley guilty of trafficking drugs in the second degree, and the court sentenced him to fifteen years in prison as a prior and persistent offender.

Smalley's conviction was affirmed on direct appeal. *Missouri v. Smalley*, No. ED91540, slip op. at 2 (Mo. Ct. App. Sept. 8, 2009) (per curiam) (included in Resp. Exh. F). Smalley then filed a *pro se* motion in the trial court for post-conviction relief under Missouri Supreme Court Rule 29.15. The motion court appointed counsel, who filed an amended motion. The court held an evidentiary hearing and denied Smalley's claims that his counsel was ineffective forfeiting to investigate and call two witnesses and failing to strike for cause a venireperson who served on the jury. *Smalley v. Missouri*, No. ED97900, slip op. at 2 (Mo. Ct. App. Feb. 26, 2013) (per curiam) (included in Resp. Exh. L). The denial of post-conviction relief was affirmed. *Id*.

## II. **Grounds Raised**

Smalley now seeks federal habeas corpus relief, asserting the following four grounds:

(1) His right to be free from illegal search and seizure was violated because he was detained without reasonable suspicion, so the physical evidence should have been suppressed.

(2) His right to due process was violated when the trial court admitted evidence and testimony relating to the cocaine seized from his pants without proper chain of custody.

(3) His right to due process was violated by the trial court's sustaining the prosecution's objections to defense counsel's closing argument, unduly prejudicing the jury.

(4) His right to protection against self-incrimination was violated by the trial court's overruling defense counsel's objection to prosecution's closing argument because it improperly highlighted Smalley's lack of testimony.

## II. Discussion

### A. The Fourth Amendment Claim in Ground One is Not Cognizable

As his first ground for relief, Smalley contends that his Fourth Amendment rights were violated because there was no probable cause to arrest or search him. He argues that the trial court erred by overruling his motion to suppress the cocaine base found on his person. Under *Stone v. Powell*, 428 U.S. 465, 482 (1976), this claim is not cognizable in federal habeas:

> Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner to be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Id*.

Smalley not only was provided an opportunity for full and fair litigation of his illegal search and seizure claim in the Missouri courts, he took that opportunity and litigated the issue fully. His counsel filed a motion to suppress in the trial court, which the trial court denied during the trial. He again raised the argument on appeal and the Missouri Court of Appeals affirmed the decision of the trial court. *Missouri v. Smalley*, No. ED91540, slip op. at 5 (Mo. Ct. App. Sept. 8, 2009) (per curiam) (included in Resp. Exh. F).

This court may only "review a Fourth Amendment claim if either 'the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc)). Smalley's pursuit of the claim in state court demonstrates that both an adequate procedure to pursue the Fourth Amendment claim existed and that he was not foreclosed from pursuing such a procedure. Therefore this court may not consider the claim.

**B. Grounds Two and Four Are Procedurally Barred**

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' . . . is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Sweet*, 125 F.3d at 1151 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A state prisoner can overcome a procedural default only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

While Smalley raised both grounds two and ground four in his direct appeal, the Missouri Court of Appeals determined that he had not properly preserved either of these claims. *Missouri v. Smalley*, No. ED91540, slip op. at 7, 10 (Mo. Ct. App. Sept. 8, 2009) (per curiam) (included in Resp. Exh. F). He defaulted on ground two by failing to timely and specifically object to the evidence during trial. He defaulted on ground four by failing to include the claim in his motion for a new trial.

Even though it found these claims had not been properly preserved, the Missouri Court of Appeals considered them on the merits by invoking Missouri Supreme Court Rule 30.20, which gives appellate courts the discretionary power to review unpreserved claims for plain error. But the appellate court's review of the ground for plain error does not cure the procedural defect. *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) (holding that a federal habeas court cannot reach an "otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error.")

Here, Smalley makes no attempt to demonstrate cause and prejudices to avoid the procedural bar. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (to demonstrate cause, petitioner must show that "some objective factor external to the

defense impeded [petitioner's] efforts to comply with the [s]tate's procedural rule"). To establish prejudice, Smalley would be required to demonstrate that the errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Further, in order excuse default for a fundamental miscarriage of justice, a habeas petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 324, 338 (8th Cir. 2006).

Smalley presents no new evidence that would affirmatively demonstrate his innocence. Nor has Smalley presented this Court with anything more than the same assertions that were argued before the Missouri Court of Appeals, none of which establish the cause and prejudice necessary for federal habeas review under *Coleman*. 501 U.S. at 750; *see also Pollard v. Armontrout*, 16 F.3d 295, 298 (affirming the district court's denial of a habeas petition because petitioner failed to allege error sufficient "to overcome the procedural bar.") Therefore, grounds two and four of Smalley's habeas petition will be denied as procedurally defaulted.

### C. Ground Three Fails on the Merits

In ground three, Smalley argues that his right to due process was violated when the trial court sustained the prosecution's objections to portions of defense counsel's closing argument. Smalley argues that the court's sustaining the

objections to an argument about innocence implied to the jury that the judge believed Smalley was not innocent. The Missouri Court of Appeals considered and rejected this argument.

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court.

28 U.S.C. § 2254(d).

In *Shafer v. Bowersox*, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 203) (quoting *Williams v. Taylor*, 529 U.S. 362,

405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by a clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752) (quoting 28 U.S.C. § 2254(d)(2) and (citing 28 U.S.C. § 2254(e)(1)).

The Missouri Court of Appeals summarized the evidence relevant to this claim as follows:

> [A]fter defense counsel discussed the alleged discrepancies of the number of bags the cocaine was found in, counsel stated, "That's a major inconsistency that you cannot explain away for any reason. If you do, an innocent man will go to jail." The State objected, and the trial court sustained the objection. Defense counsel then stated, "Okay. If you do there is a possibility -." The prosecutor again objected, and the trial court overruled the objection. Defense counsel then said, "If you do there is a possibility that an innocent man will go to jail." Later in closing argument, defense counsel stated, "Now this is a case of actual innocence." The State again objected, and the trial court sustained the objection and stated, "You cannot comment and invade the province of the jury."

*Missouri v. Smalley*, No. ED91540, slip op. at 10 (Mo. Ct. App. Sept. 8, 2009) (per curiam) (included in Resp. Exh. F). *Id.* at 8-9.

The Missouri Court of Appeals found no abuse of discretion in the trial court's sustaining the objections:

> Smalley has failed to demonstrate he was prejudiced from the trial court's rulings. The jury was aware from defense counsel's questions and arguments that Smalley's position was that he did not commit the crime charged, that the police manufactured the evidence, and that he was not guilty of the crime charged. Furthermore, the trial court's rulings did not suggest any bias towards Smalley's theory of defense. After the trial court sustained the first objection, Smalley was permitted to state, "there is a possibility that an innocent man will go to jail." And after sustaining the second objection, the trial court…told defense counsel that he could not "comment and invade the province of the jury," which indicated that it was up to the jury to decide whether they believed Smalley's theory of defense. Because the objections did not prevent Smalley from arguing his theory of innocence and because the trial court did not express any judicial opinion about Smalley's theory, Smalley has failed to show that the trial court's rulings had a decisive effect on the jury's verdict.

*Id.* at 9-10.

This conclusion is not contrary to clearly established Federal Law. Habeas relief is warranted only where improper statements in closing arguments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Fitzgerald v. Armontrout*, 963 F.2d 1062, 1064 (8th Cir. 1992) (finding habeas relief available "only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process"). Because a federal court reviewing a habeas petition has a "less reliable vantage point for gauging the impact of closing argument on the overall fairness of trial . . . an exceptionally limited review of the issue" is appropriate. *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999). As the Supreme Court has stated,

"The appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly*, 416 U.S. at 642).

Smalley argues that the court's sustaining the objections demonstrated judicial bias, giving the jury the impression that the trial court did not agree with Smalley's position. However, the judge simply warned defense counsel not to "comment and invade the province of the jury." Resp. Exh. A, at 325. This reasoning for sustaining an objection is fully supported by Supreme Court precedent. *See Perry v. New Hampshire*, 132 S. Ct. 716 (2011) (reliability and credibility of evidence are firmly within the province of the jury). Thus, relying on the exceptionally limited review of closing arguments as dictated in *James*, the state trial court did not err in sustaining the prosecution's objections. 187 F.3d at 869.

Even if sustaining the prosecution's objections had been an error, these errors do not rise to the level of denial of due process. Smalley had the opportunity to present his case despite the sustained objections; the jury heard his theory of innocence. *See California v. Trombetta*, 467 U.S. 479, 485 (1984) (defense counsel is permitted to "a meaningful opportunity to present a complete defense"). A few potentially inflammatory comments during an entire trial, which included

both police officer and scientific testimony, do not rise to the level of a violation of due process. Further, Smalley makes no argument as to whether these sustained objections had an actual, prejudicial effect on the jury.

"A defendant is entitled to a fair trial but not a perfect one." *Brown v. United States*, 411 U.S. 223, 232 (1973). Because Smalley was able to present his case to the jury, these sustained objections do not present as so prejudicial that they amount to a denial of due process and an unreasonable application of federal law. Therefore, I find that Smalley's claim of violation of due process in sustaining prosecution's objections to defense's closing argument in Ground Three of his petition to be without merit.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id. at* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.

1997). I find that reasonable jurists could not differ on any of Smalley's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of James Smalley for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#1] is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accord with this order is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2015.